John M. Kennedy (SBN 156009)
Samantha L. Weinstein (SBN 333880)
GARRELL COHON KENNEDY LLP
550 South Hope Street, Suite 460
Los Angeles, California 90071
Tel:  (213) 647-0730
Fax:  (213) 647-0732
jkennedy@gckllp.com
sweinstein@gckllp.com
**Attorneys for Defendant CBRE, INC.**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL MARTINEZ,<br><br>                   Plaintiff,<br><br>     v.<br><br>CBRE, INC.; PARK TOWER OWNER, LLC; METLIFE INVESTMENT MANAGEMENT, LLC; META PLATFORMS, INC. dba META; and DOES 1 to 30, inclusive,<br><br>               Defendants. | Case No. 3:24-CV-07395<br><br>**CBRE, INC.'S NOTICE OF REMOVAL** |

**TO THE COURT AND ALL ATTORNEYS OF RECORD:**

Defendant CBRE, INC. ("CBRE") hereby gives notice of the removal of this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.     REMOVAL IS TIMELY**

1.      On March 27, 2024, Plaintiff Angel Martinez ("Plaintiff") filed an Original Complaint against Defendants CBRE, Inc., Park Tower Owner, LLC, Metlife Investment Management, LLC and Meta Platforms, Inc dba Meta and Does 1-30, in the Superior Court of the State of California for the County of San Francisco, styled *Angel Martinez v. CBRE, Inc., et al.*, Case No. CGC-24-613441 (the "State Court Action"). The Original Complaint was not served on CBRE.

2.      On September 25, 2024, Plaintiff filed a First Amended Complaint in the State Court Action.  The First Amended Complaint added ABM Industry Groups, LLC as a Defendant and did not name Meta Platforms, Inc. dba Meta as a Defendant – thus dismissing the Meta entity as a Defendant. On September 26, 2024, Plaintiff emailed CBRE, Inc. a copy of the First Amended Complaint, which was the first date CBRE received notice that the Meta entity had been dismissed as a named Defendant as it was only a tenant in the building at issue.

3.      Pursuant to 28 U.S.C. § 1446(b), CBRE now timely files this Notice of Removal within 30 days after the September 26, 2024 courtesy email of the First Amended Complaint from Plaintiff.

4.      A copy of all documents filed and served in the State Court Action are attached hereto as **Exhibit 1** to this Notice.

**II.    GROUNDS FOR REMOVAL**

5.      Removal is proper because subject-matter jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332(a).

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.    The Amount in Controversy Exceeds $75,000

6.    The amount in controversy in this lawsuit exceeds the sum or value of $75,000, exclusive of interests and costs, as required by Section 1332(a). Plaintiff served list of purported past and future medical damages on CBRE on August 30, 2024, which presents alleged medical damages of approximately $448,828.

7.    "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 (2014).

8.    Relying on the information gathered so far, then, the amount Plaintiff seeks exceeds $75,000, and therefore that amount alone satisfies the amount in controversy.  The amount will increase even further once the other alleged damages are included.

### B.    There is Complete Diversity Between the Parties

9.    Based upon all the publicly available information that CBRE has gathered, there is complete diversity of citizenship between all parties to this lawsuit.  Only Plaintiff is a citizen of California.  CBRE is a citizen of Delaware with a principal place of business in Texas. ABM Industry Groups, LLC is a citizen of Delaware with a principal place of business in Texas. Park Tower Owner, LLC is a citizen of Delaware with its principal place of business in New Jersey.  Metlife Investment Management, LLC is a citizen of Delaware with its principal place of business in New Jersey.

10.    "For diversity purposes, a corporation is deemed to be a citizen of the state(s) in which it was incorporated and in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is defined as the place 'where a corporation's officers direct, control, and coordinate the corporation's activities,' *i.e.* 'the corporation's "nerve center."'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Harris v. Rand*, 682

F.3d 846, 851 (9th Cir. 2012) ('[A] principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination...') (quoting *Hertz*, 559 U.S. at 92). *Pool v. Hoffman-La Roche, Ltd*, 386 F.Supp.3d 1202, 1220.

11.    CBRE, Inc. is informed and believes that ABM Industry Groups, LLC, Park Tower Owner, LLC and Metlife Investment Management, LLC consent to this removal.

12.    The naming of Meta Platforms, Inc. in the Original Complaint does not defeat diversity jurisdiction. In particular, the lack of complete diversity at the time of filing is cured by dismissal of non-diverse parties which are not indispensable. (*Louisiana Municipal Police Employees' Retirement System v. Wynn*, 829 F.3d 1048, 1057 (9th Cir. 2016). Plaintiff represented that Plaintiff dismissed Meta Platforms, Inc. as it was only a tenant in the building at issue.

13.    The First Amended Complaint also names Doe Defendants "1 through 30." For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See*, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *see also, Santa Clara Valley Water District v. CH2M Hill, Inc.*, No. 19-CV-08295-LHK, 2020 WL 4252677, at *3 (N.D. Cal. July 24, 2020).

14.    Plaintiff is domiciled in California and therefore a citizen of California. See **Exhibit 1**.

III.    **VENUE IS PROPER**

15.    Venue is proper in this Court under 28 U.S.C. § 1441(a), because this district and division embrace the place in which the removed state court action has

been pending.  Specifically, the Superior Court of San Francisco, California, is located in the United States District Court of the Northern District of California. See 28 U.S.C. § 124(b)(2).

## IV.    THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS

17.    The amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendants.  As such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332(a).

18.    Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of CBRE's rights to assert any defense or affirmative matter, including but not limited to the defenses of (1) lack of personal jurisdiction, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim, (7) failure to join indispensable parties, (8) any other pertinent defense available under California or Federal Rule of Civil Procedure 12, any state or federal statute, or otherwise, or (9) arbitration.

19.    CBRE reserves the right to supplement this Notice by adding any jurisdictional defenses which may independently support a basis for removal.

20.    Upon filing this Notice of Removal, CBRE will file their Disclosure Statement pursuant to Fed. R. Civ. P. 7.1.

21.    This Notice, together with the additional documents required under the local rules, will be served on Plaintiff.  Also, as required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Superior Court for the State of California, County of San Francisco in which the State Court Action is filed.

22.    The undersigned counsel for Defendants has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

1    WHEREFORE, CBRE asks the Court to take jurisdiction of this action by

2  issuing all necessary orders and procedures to remove this action from the Superior

3  Court for the State of California, County of San Francisco, to this Court.

4

5  Dated:  October 23, 2024                    GARRELL COHON KENNEDY LLP

6

7                                                        By: _____

8                                                               John M. Kennedy
                                                               Samantha L. Weinstein
9                                                               Attorneys for Defendant
                                                               CBRE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28